**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PAM SIMMONS d/b/a LOGOZON | § | |
| | § | |
| vs. | § | CASE NO. 2:10-CV-360-TJW-CE |
| | § | |
| UNITED STATES OF AMERICA | § | |

# ORDER

The above-titled and numbered civil action was referred to United States Magistrate Judge Chad Everingham pursuant to 28 U.S.C. § 636. The report of the Magistrate Judge (Dkt. No. 36) has been presented for consideration. The report recommends that the court deny defendant United States of America's ("Defendant") motion to dismiss for lack of subject matter jurisdiction or, alternatively, motion for judgment on the pleadings. Defendant filed objections to the report (Dkt. No. 38).

The court is of the opinion that the conclusions of the Magistrate Judge are correct. Therefore, the court OVERRULES Defendant's objections and adopts the report of the United States Magistrate Judge, in its entirety, as the conclusions of this court. In particular, the court rejects Defendant's argument that Plaintiff's complaint fails to allege the existence of trade-secret. Under Texas Law, a trade secret is:

> any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, or a list of customers. * * * A trade secret is a process or device for continuous use in the operation of the business. Generally it relates to the production of goods, as, for example, a machine or formula for the production of an article.

*Hyde Corp. v. Huffines*, 314 S.W.2d 763, 776 (Tex. 1958). Defendant argues that the disputed

information and material are not trade-secrets because Plaintiff does not "use" them in its business. Plaintiff's complaint, however, alleges that Plaintiff is a design and production services company that researched and developed a solution for the Government that no one else could. It is further alleged that based on Plaintiff's designs, production processes, materials, layouts, and packaging specifications, the solution was ultimately manufactured into products that it transferred by sample and sale to the Government. Taken as true, these allegations support the inference that the disputed material and information are trade-secrets that Plaintiff used in its business and thus the allegations are sufficient to state a claim for trade-secret misappropriation. Accordingly, it is ORDERED that Defendant's motion to dismiss for lack of subject matter jurisdiction or, alternatively, motion for judgment on the pleadings is DENIED.

It is FURTHER ORDERED that Defendant's motion to stay this case pending resolution of its motion to dismiss (Dkt. No. 11) is DENIED as moot.

It is FURTHER ORDERED that the parties shall submit a proposed scheduling order that culminates in a bench trial on January 18, 2012 within five (5) days of the issuance of this order.

It is FURTHER ORDERED that the parties' motions for status conference regarding the entry of a scheduling order (Dkt. No. 25 and 35) are DENIED as moot.

SIGNED this 20th day of September, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE